**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4104**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

GLENN WILLIAMS,

               Defendant - Appellant.


Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:07-cr-00263-FL-1)


Submitted:  August 7, 2014          Decided:  August 18, 2014


Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenn Williams appeals the twenty-four month statutory maximum sentence imposed by the district court upon revocation of his term of supervised release. On appeal, Williams contends that the district court's sentence was plainly unreasonable. Finding no error, we affirm.

The district court has broad discretion to impose a sentence after revoking a defendant's supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted).

We must "first decide whether the sentence is unreasonable." Crudup, 461 F.3d at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the advisory policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines Manual and the applicable 18 U.S.C. § 3553(a) (2012) factors, id. at 439, and has provided some explanation for the sentence chosen, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the court states a proper basis for concluding

2

that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether the sentence is "plainly" unreasonable. Id. at 439.

Applying our deferential standard of review, we conclude that Williams' sentence was not unreasonable, much less plainly so. The district court has "broad discretion to . . . impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted). Given the facts of this case, we conclude that the district court did not abuse its broad discretion in imposing the statutory maximum of twenty-four months' imprisonment upon revocation of Williams' term of supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED